NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**KAREN L. WILLIS,**
*Appellant,*

v.

**CAN'T STOP PRODUCTIONS, INC.,**
*Appellee.*

———————————

2012-1109
(Cancellation Nos. 92051213 & 92051215)

———————————

Appeal from the United States Patent and Trademark Office, Trademark Trial and Appeal Board.

———————————

Decided: November 13, 2012

———————————

KAREN L. WILLIS, of La Jolla, California, pro se.

JAY A. BONDELL, Ladas & Parry LLP, of New York, New York, for appellee.

———————————

Before PROST, MOORE, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Karen L. Willis appeals from the Trademark Trial and Appeal Board (Board) decision dismissing her fraud and misrepresentation of source claims and granting summary judgment that Can't Stop Productions, Inc. (Appellee) did not abandon its marks and that the marks are not generic.  For the reasons discussed below, we *affirm*.

## BACKGROUND

Mrs. Willis is the wife of Victor Willis, the original lead singer of the music group the Village People.  The group is composed of six performers dressed in costumes: a construction worker, a policeman, a Native American, a cowboy, a military man, and a biker.  The group is widely known for several hit songs, including *Y.M.C.A.*, *Macho Man*, and *In the Navy.*

Appellee is the owner of two registered service marks for the typed words "VILLAGE PEOPLE" and also of a design mark depicting the six characters that make up the Village People.  The "VILLAGE PEOPLE" marks, Registration Nos. 1101013 and 2184290, are for "entertainment services rendered by a musical and vocal group" and "pre-recorded phonograph records, audio cassettes, audio tapes and compact discs featuring music and vocals," respectively.  The design mark covered by Registration No. 2330857, shown below, is for "entertainment services, namely, live performances by a musical and vocal group."



In 1977, Victor Willis signed an employment agreement with Appellee in which he acknowledged that Appellee owns all rights to the name "The Village People" and agreed not to use the name for any purpose. Mr. Willis permanently ceased to be a member of the Village People group in 1982. In 2007, Mrs. and Mr. Willis sought to obtain a license to use the Village People mark but Appellee refused. Thereafter, Mrs. Willis filed three petitions for cancellation, one for each of Appellee's marks.

In the cancellation petitions, Mrs. Willis made several allegations that the Board interpreted as claiming fraud. For example, she alleged that Appellee misrepresented the nature of the services covered by its marks because the Village People is a "concept group," not a "musical and vocal group" as claimed in the registrations. Mrs. Willis also alleged that Appellee misrepresented the source of its goods and services, which originate from her husband rather than from Appellee.

Mrs. Willis made similar allegations regarding Appellee's alleged abandonment of its marks. Specifically, she contended that Appellee did not use its marks in connection with a "musical and vocal group" because the Village People lip-sync to prerecorded music and thus do not sing as a group. Mrs. Willis further argued that Appellee made changes to certain characters

depicted in the design mark and that Appellee has not used its marks in connection with audio recordings since 1985. In addition to contending that Appellee abandoned its marks, Mrs. Willis argued that the marks are generic because they merely identify groups of people living in a community or a small town.

Appellee filed motions for summary judgment for each claim. The Board held Mrs. Willis's fraud and misrepresentation of source claims to be "legally insufficient" and thus struck them from the pleadings. The Board, however, granted Mrs. Willis leave to file an amended petition to make out a fraud claim with respect to the "VILLAGE PEOPLE" word mark for audio recordings. This petition remains pending before the Board, and thus Mrs. Willis's fraud claim with respect to Registration No. 2184290 is not before us on appeal.

The Board granted summary judgment in all three cancellation petitions that Appellee's marks are not generic, holding that Mrs. Willis submitted no evidence and made no allegations to show that the term "VILLAGE PEOPLE" is used as a generic term for musical recordings or performances. The Board also granted summary judgment that Appellee did not abandon the "VILLAGE PEOPLE" mark in connection with entertainment services or the design mark depicting the group. It rejected Mrs. Willis's argument that the Village People is not a "musical and vocal group" because the members do not sing as a group. It also cited Appellee's evidence that it used its "VILLAGE PEOPLE" mark and design mark in connection with musical performances in 1994, 1995, 1997, 1998, 2001-2006, 2008, and 2010. The Board thus held that Mrs. Willis failed to raise a genuine issue of material fact that Appellee used these marks in connection with musical performances. The Board, however, denied summary judgment with respect to the

"VILLAGE PEOPLE" mark in connection with audio recordings, finding a genuine dispute of material fact as to whether Appellee stopped using its mark in connection with such goods.

Mrs. Willis now appeals to our court the Board's dismissal of her fraud and misrepresentation of source claims and its grant of summary judgment that two of the marks are not generic or abandoned. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(B).

## DISCUSSION

We review *de novo* the Board's legal conclusions, including the grant of summary judgment and the dismissal of claims as legally insufficient. *Aycock Eng'g, Inc. v. Airflite, Inc.*, 560 F.3d 1350, 1355 (Fed. Cir. 2009); *Sunrise Jewelry Mfg. Corp. v. Fred S.A.*, 175 F.3d 1322, 1324 (Fed. Cir. 1999). "Summary judgment is appropriate where the movant has established that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Lens.com, Inc. v. 1-800 Contacts, Inc.*, 686 F.3d 1376, 1378 (Fed. Cir. 2012) (quotation omitted). A registered trademark may be canceled if it has been abandoned. *On-Line Careline, Inc. v. America Online, Inc.*, 229 F.3d 1080, 1087 (Fed. Cir. 2000) (citing 15 U.S.C. § 1064(3)). Under the Lanham Act, a mark will be considered abandoned when "its use has been discontinued with intent not to resume such use." 15 U.S.C. § 1127. Non-use for three consecutive years is prima facie evidence of abandonment. *Id.*

On appeal, Mrs. Willis argues that a genuine issue of material fact remains as to whether Appellee abandoned its design mark and "VILLAGE PEOPLE" mark. As she did before the Board, Mrs. Willis again asserts that Appellee abandoned these marks by failing to use them in

connection with "entertainment services . . . by a musical and vocal group." Relying largely on her husband's declaration, Mrs. Willis argues that the group does not qualify as a "musical and vocal group" because its members lip-sync and do not play musical instruments. With respect to the design mark, Mrs. Willis contends that Appellee failed to affix the mark to anything in connection with its goods or services. In support of her genericness claim, Mrs. Willis appears to rely on the same arguments that she presented to the Board.

Mrs. Willis also argues that she sufficiently pled her fraud claims by alleging that the Village People is not a musical and vocal group. She contends that she adequately pled her misrepresentation of source claims by alleging that Appellee's use of its marks has made it difficult for her husband to perform even though he is the true source of the goods or services associated with the marks.

We conclude that the Board correctly granted summary judgment that Appellee's marks at issue on appeal are not generic or abandoned. Mrs. Willis offered no evidence that the term "Village People" is used as a generic term for musical recordings or performances, and thus failed to raise a genuine issue of material fact preventing summary judgment on this issue. With respect to abandonment, Mrs. Willis does not dispute that Appellee has used the "VILLAGE PEOPLE" mark in connection with entertainment services by promoting Village People shows. Indeed, both she and Mr. Willis admitted in their declarations that they have seen the Village People perform in connection with those marks. Although it may reflect on the quality of the entertainment Appellee offers, Mrs. Willis's argument that the Village People do not actually sing or play their own instruments fails to disqualify them as a "musical

and vocal group." That evidence is thus insufficient to raise a genuine issue of material fact that Appellee abandoned its marks. Even construing the evidence in the light most favorable to Mrs. Willis, the record establishes that Appellee did not abandon its marks.

We also conclude that the Board correctly dismissed Mrs. Willis's fraud and misrepresentation of source claims. Her argument that the Village People do not qualify as a musical and vocal group is insufficient to make out a claim of fraud. Similarly, her cursory allegation that her husband is the true source of the goods covered by Appellee's marks, and that Appellee's use of its marks prevents her from booking concerts for her husband, fails to make out a claim of misrepresentation of source. The registrant has at all times owned the marks at issue. The Board thus properly dismissed these claims.

We have considered Mrs. Willis's other arguments on appeal and find them to be without merit. Because the Board correctly granted summary judgment that the marks at issue on appeal are not generic or abandoned and correctly dismissed the claims of fraud and misrepresentation of source, we affirm.

**AFFIRMED**

Costs

No costs.